IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT E. ALLEN                                                    PLAINTIFF

V.                              CASE NO. 3:16-CV-03098

JUDGE GORDON WEBB, Circuit
Court, Boone County, Arkansas; and
DEPUTY PROSECUTOR CHRISTOPHER
CARTER, Boone County, Arkansas                          DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff Robert E. Allen pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

This matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the Court finds that this action should be summarily dismissed pursuant to Section 1915A and Section 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), the Defendants have obstructed justice, committed malfeasance in office, violated ethics laws, and violated other state and federal laws by altering court documents. Plaintiff states he was prosecuted "as a case from 2015 rather than July 2010." He alleges Defendants "put on the 'ignorance of the law role', and 'the I'm above the law role.'"

As relief, Plaintiff seeks compensatory and punitive damages; the reversal of his conviction; dismissal of the criminal case; and, finally he asks that the Defendants be

-1-

removed from their offices by impeachment.

## II. DISCUSSION

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

First, the claims against Judge Gordon Webb are subject to dismissal.  The claims against Judge Webb arise out of a criminal action over which he presided.  Judge Webb is immune from suit.  *Mireles v. Waco*, 502  U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale*, 42  F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in

error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  Judicial immunity is overcome if:  (1) the judge's challenged action is non-judicial; or (2) the judge's action, although judicial in nature, were taken in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11.  It is clear from the allegations of the Complaint that neither exception applies here.

Second, Christopher Carter, the prosecuting attorney, is immune from suit.  The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity, while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the Complaint, it is clear the Defendant prosecuting attorney is entitled to absolute immunity.  *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (county prosecutors entitled to absolute immunity from suit).

To the extent the Complaint seeks injunctive relief, the claim is not cognizable.  While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Plaintiff can make no such showing here.  Further, injunctive relief is not appropriate where

an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22.  *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

### III. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that this matter is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) – because Plaintiff's claims are frivolous and/or fail to state claims upon which relief may be granted.

**IT IS SO ORDERED** on this _5th_ day of December, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE